Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Melinda Weaver, Esq.
Nevada State Bar No. 11481
mweaver@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Adely Ruiz

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADELY RUIZ,<br><br>Plaintiff,<br><br>vs.<br><br>STAFFMARK INVESTMENT, LLC a Foreign Limited-Liability Company; PERFORMANCE FOOD GROUP, INC., a Foreign Corporation; DOES 1-50; inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**(DEMAND FOR JURY TRIAL**) |

COMES NOW, Plaintiff, Adely Ruiz (herein "Plaintiff") and files this civil action against Defendants, and each of them, for violations of the American with Disabilities Act, 42 U.S.C. § 12112 et seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction and venue over this action pursuant to the Americans with Disabilities Act, 42 U.S.C. §12112 et seq., which confers original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over any State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 42 U.S.C. §12101 et seq. have occurred or been complied with:

   a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein.

   b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated September 29, 2022. (A true and correct copy of said letter is attached and incorporated herein as **Exhibit "1"**).

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

**PLAINTIFF**

8. Plaintiff, Adely Ruiz, was a qualified/eligible "employee" of Defendant, Staffmark Investment, LLC., within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111, et seq., and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law.

**DEFENDANTS**

9. Defendant, Staffmark Investment, LLC., ("Staffmark") is a foreign limited liability company qualified to do business in Nevada.   Defendant employs 50 or more

employees and is an "employer" within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. §12111 et. seq., and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law. Defendant has offices located at 755 Lillard Drive, Suite 104, Sparks, NV 89509.

10. Defendant, Performance Food Group, LLC. ("PFG") is a foreign corporation qualified to do business in Nevada. Defendant employs 50 or more employees and is an "employer" within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. §12111 et. seq., and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law. PFG has a warehouse located at 12475 Mustang Rd Suite 105, Sparks, Nevada, 89434.

11. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

**STATEMENT OF FACTS**

12. Plaintiff, Adely Ruiz contracted through Defendant Staffmark, a staffing agency, to work for Defendant PFG as a Truck Operator. She was employed by Defendants from approximately February 16, 2021, to March 17, 2021.

13. On or about March 10, 2021, Ms. Ruiz suffered a workplace injury. Specially she tripped on a pallet and suffered injuries to her body, including her back.

14. Immediately after her trip and fall, Ms. Ruiz reported the injury to her PFG supervisor "Charina" and PFG manager "Arturo." Despite articulating her injuries, Arturo was dismissive of her injury and said something to the effect of "You're fine!"

15. Ms. Ruiz also reported her injury to Staffmark.

16. On or about March 12, 2021, Ms. Ruiz provided a medical note to PFG which set forth work restrictions ordered by Ms. Ruiz's physician as a result of her workplace injury. On or about March 16, 2021, Ms. Ruiz submitted an additional medical note that set forth her limitations, including that she be assigned to light duty and prohibiting the use of a forklift, sitting for longer than two hours, as well as no bending or lifting. These medical notes were submitted to PFG with the request to accommodate these limitations.

17. Instead of considering Ms. Ruiz's reasonable accommodations, PFG unilaterally denied her request and informed her that she was a "risk" for PFG. The following day, on March 17, 2021, PFG terminated her employment.

18. Following her termination, Staffmark ceased providing Ms. Ruiz with staffing assignments.

19. A clear nexus exists between Plaintiff receiving her injuries and requiring ADA accommodations.

20. Further a clear nexus exists between Defendants terminating Plaintiff's employment in retaliation.

21. The despicable tactics of the Defendants caused a substantial burden to Ms. Ruiz's rights and caused Plaintiff to suffer significant emotional distress, embarrassment, and humiliation, in addition to financial loss.

### COUNT I

**AMERICANS WITH DISABILITIES ACT—DISCRIMINATION**
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**Nev. Rev. Stat. §613.330** *et seq.*

22. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

23. The Americans with Disabilities Act, 42 U.S.C. §12101, *et. seq.* prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee

compensation, job training, and other terms, conditions, and privileges of employment." (42 U.S.C. §12112.)

24. Plaintiff had a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

25. Plaintiff was a qualified individual, meaning she was an individual with a disability as a result of a workplace injury, who, with or without a reasonable accommodation, could perform the essential functions of her job with Defendants. At all times during her employment, Plaintiff satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

26. Defendants owed Plaintiff reasonable accommodation(s) to assist her with her job. Such reasonable accommodations were available and would not have constituted an undue hardship on the operation of Defendants' businesses.

27. Plaintiff was subjected to her adverse employment action described herein because of her disability and/or her requests for accommodation and the adverse employment action would not have occurred but for that disability and/or request for accommodation.

28. Defendants reacted by depriving Plaintiff of her rights and benefits under the Americans with Disabilities Act (42 U. S. C. § 12101 et. seq.) by treating her differently after she requested an ADA accommodation prescribed by her doctor.

29. As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, she suffered and will continue to suffer pain, humiliation, and emotional distress.

//

30. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

31. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II

### AMERICAN'S WITH DISABILITIES ACT—FAILURE TO PROVIDE A REASONABLE ACCOMMODATION
**Americans with Disabilities Act (42 U.S.C. § 12101 et. seq.)**
**Nev. Rev. State 613.330 et. seq.**

32. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

33. The Americans with Disabilities Act, 42 U.S.C. §12101, *et. seq.* prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." (42 U.S.C. §12112.)

34. Plaintiff had a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

35. Plaintiff was provided with limitations for a workplace injury.

36. Plaintiff is a "qualified individual" entitled to the ADA's protections, because Plaintiff was an individual with a disability, who, with or without a reasonable accommodation, could perform the essential functions of her job for Defendants. At all times during her employment, Plaintiff satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

37. Plaintiff was subjected to the adverse employment action described herein because she requested a reasonable accommodation for her known limitations and was an otherwise qualified individual with a disability.

38. Defendants failed to satisfy their duty to engage in the interactive process when Plaintiff informed Defendants of her qualifying medical condition and requested reasonable accommodations. Instead, Defendants unilaterally refused any accommodation and PFG terminated her employment.

39. Because Defendants failed to engage in the interactive process, the motivating factor was based on *animus* for the Plaintiff's disability or request for an accommodation. As a result, Plaintiff suffered adverse employment action because of her disability.

40. Defendants reacted by depriving Plaintiff of her rights and benefits under the Americans with Disabilities Act (42 U. S. C. § 12101 et. seq.) by treating her differently after she requested an ADA accommodation.

41. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## COUNT III

**AMERICAN'S WITH DISABILITIES ACT——RETALIATION**
**Americans with Disabilities Act (42 U.S.C. § 12101 et. seq.)**
**Nev. Rev. State 613.330 et. seq.**

42. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

43. The Americans with Disabilities Act (42 U.S.C. §1201 et. seq.) prohibits an employer from retaliating against an employee who seeks an accommodation in good faith.

44. Here, Plaintiff participated in a "protected activity" when she provided her medical diagnosis and request for accommodations to her employer.

45. Thereafter, Plaintiff experienced an adverse employment action when she was terminated.

//

46. Plaintiff's termination was causally connected to her protected activity of seeking an accommodation.

47. As a direct and proximate result of Defendants' retaliation against Plaintiff, she suffered and will continue to suffer pain, humiliation, and emotional distress.

48. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

1. Economic Loss for Back Pay and Front Pay, plus prejudgment interest;

2. Compensatory Damages in accordance with 42 U.S.C. §12117, 42 U.S.C. §1983, and other applicable statutes;

3. Reasonable attorneys' fees pursuant to 42 U.S.C. §12205 and other applicable statutes.

4. Punitive Damages;

5. Costs of suit incurred herein; and

6. Such other and further relief as the court deems just and proper.

DATED this 28th day of December 2022.

WATKINS & LETOFSKY, LLP

 */s/  Daniel R. Watkins*
By:_____
Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Melinda Weaver, Esq.
Nevada State Bar No. 11481
mweaver@wl-llp.com
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Office:(702) 901-7553;
Fax: (702) 974-1297
Attorneys for Plaintiff, Adely Ruiz

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, Plaintiff demands a trial by jury in this action on all issues so triable.

DATED this 28th day of December 2022.

                                WATKINS & LETOFSKY, LLP

                                 */s/ Daniel R. Watkins*
                    By:_____
                        Daniel R. Watkins
                        Nevada State Bar No. 11881
                        dw@wl-llp.com
                        Melinda Weaver, Esq.
                        Nevada State Bar No. 11481
                        mweaver@wl-llp.com
                        8935 S. Pecos Rd., Ste. 22A
                        Henderson, NV 89074
                        Office:(702) 901-7553;
                        Fax: (702) 974-1297
                        Attorneys for Plaintiff, Adely Ruiz

*<u>Exhibit 1</u>*

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Ms. Adely Ruiz
c/o Michael DiRenzo, Esq.
8935 S. Pecos Rd., Suite 22a
Henderson, NV 89074

From: Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2021-00712 | Karrie Maeda, State, Local & Tribal Program Manager | 12137853002 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

- The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Christine Park-Gonzalez
09/29/2022

Enclosures(s)

**Christine Park-Gonzalez**
**Acting District Director**

cc: **Kellie Wilson**
**Preferred Food Group**
12475 Mustang, Ste. 105
Sparks, NV 89434